**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
   *Plaintiff-Appellee,*

v.

ELIZABETH HOUSE JANES,
   *Defendant-Appellant.*

No. 02-4866

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Raymond A. Jackson, District Judge.
(CR-01-231)

Submitted: May 15, 2003

Decided: June 3, 2003

Before WIDENER, MICHAEL, and MOTZ, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Anthony Tacconi, GOODMAN, ALLEN & FILETTI, P.L.L.C., Glen Allen, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Stephen W. Haynie, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Elizabeth House Janes appeals her conviction, following a jury trial, of twelve counts of aiding and abetting wire fraud, 18 U.S.C. § 1343 (2000), two counts of aiding and abetting identity theft, 18 U.S.C. § 1028(a)(7) (2000), and one count of aiding and abetting the false use of a Social Security number, 42 U.S.C. § 408(a)(7)(B) (2000). We affirm.

First, Janes argues the district court erred in its denial of her motion to strike three paragraphs from Count One of the indictment because the acts recited therein did not occur in the Eastern District of Virginia. The district court found sufficient commonality involved in the commission of the charged offense to conclude there was a common scheme and artifice to defraud. The court also found commonality in the methodology employed in the insurance frauds. The acts that gave raise to the charges in the indictment occurred in the Eastern District of Virginia, as established by the Government by a preponderance of the evidence. *See United States v. Porter*, 821 F.2d 968, 975 (4th Cir. 1987). We conclude the district court did not err in declining to strike this portion of the indictment. *See United States v. Barfield*, 969 F.2d 1554 (4th Cir. 1992).

Second, Janes argues the district court erred in not severing her trial from that of her co-defendant, Rodney Williams, under Fed. R. Crim. P. 8, because Janes was only a minor participant in the scheme, and she was only charged as an aider and abettor. Janes also contends the joint trial was highly prejudicial under Fed. R. Crim. P. 14. A district court's decision to deny a motion for severance is reviewed for abuse of discretion. *See United States v. Reavis*, 48 F.3d 763, 767 (4th Cir. 1995). If joinder was proper, we review the denial of a motion to sever for abuse of discretion under Fed. R. Crim. P. 14. *United States v. Mackins*, 315 F.3d 399, 412 (4th Cir. 2003). Rule 14 embodies a presumption that co-defendants indicted together will be tried together unless "a joint trial would be so unfairly prejudicial that a miscarriage of justice would result." *United States v. Williams*, 10 F.3d 1070, 1080 (4th Cir. 1993). Disparity in the evidence introduced against different parties is a proper ground for severance only in "the

most extreme case." *United States v. Mitchell*, 733 F.2d 327, 331 (4th Cir. 1984). We have reviewed the record and conclude that joinder was proper under Rule 8 and that the district court did not abuse its discretion by denying Janes's motion to sever.

Third, Janes avers that the evidence of her knowledge of the schemes and the intent to defraud under all fifteen counts was insufficient to allow a fact finder to find beyond a reasonable doubt that she had the requisite knowledge and intent required to convict her of any of the charges. In evaluating the sufficiency of the evidence to support a conviction, the jury's verdict will be upheld if there is substantial evidence, viewing the evidence in the light most favorable to the prosecution, to support the verdict. *Glasser v. United States*, 315 U.S. 60, 80 (1942). We have reviewed the testimony presented at trial and find the evidence was sufficient to establish Janes's knowledge of the insurance fraud scheme and intent to defraud USAA through interstate wire communications, the use of a false identity, and the use of a false Social Security number.

Finally, Janes contends the district court erred in denying her request for a downward departure in the computation of her sentence. She asserts that her role in the fraud scheme was so minor that the court erred in not granting a two-level downward adjustment pursuant to *U.S. Sentencing Guidelines Manual* § 3B1.2(b) (2000). As evidence of her minor or minimal role, Janes asserts that four fraudulent insurance claims were the subject of the indictment and the convictions, and Janes could only reasonably be tied to the claim filed with USAA. Janes concedes that if the offense is defined solely in terms of the USAA claim, she is not entitled to a downward departure. Because all fifteen counts of the indictment specify acts relating to the claims filed with USAA as a result of the accident Janes reported, we find this claim to be meritless.

We affirm Janes's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

*AFFIRMED*