**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

RODNEY H. WILLIAMS, a/k/a Simon
Andrew Conrad, a/k/a Siothan
Andrew Connor, a/k/a Rod
Williams, a/k/a Kenneth Gary
Williams,

*Defendant-Appellant.*

No. 03-4148

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Raymond A. Jackson, District Judge.
(CR-01-231)

Submitted: July 8, 2003

Decided: July 29, 2003

Before LUTTIG, MICHAEL, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Charles R. Burke, Virginia Beach, Virginia, for Appellant. Stephen
Westley Haynie, OFFICE OF THE UNITED STATES ATTORNEY,
Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Rodney H. Williams was convicted by a jury of twelve counts of wire fraud, in violation of 18 U.S.C. § 1343 (2000), two counts of identity theft, in violation of 18 U.S.C. §§ 1028(a)(7), 2 (2000), and one count of false use of a social security number in violation of 42 U.S.C. § 408(a)(7)(B) (2000), 18 U.S.C. § 2. Williams' attorney has filed an *Anders v. California*, 386 U.S. 738 (1967), brief and a motion to withdraw, raising several issues at the request of Williams, but concluding there are no meritorious issues for appeal. Williams has filed a pro se supplemental brief, augmenting his attorney's claims and raising new claims. He also moves for appointment of new appellate counsel and general relief. After an independent review of the record, we affirm.

We find the indictment was not defective. The prosecutor was not obligated to present exculpatory evidence to the grand jury. *United States v. Williams*, 504 U.S. 36, 45-46 (1992). In addition, Williams cannot show he was prejudiced by any alleged false testimony presented to the grand jury. *United States v. Mills*, 995 F.2d 480, 485-87 (4th Cir. 1993). We further find no evidence of alleged prosecutorial misconduct. In addition, we find no evidence of judicial misconduct. Nor do we find that the district court judge should have recused himself. *See* 28 U.S.C. § 455(b)(4) (2000); *United States v. Nobel*, 696 F.2d 231, 233-34 (4th Cir. 1982); *United States v. Ravich*, 421 F.2d 1196, 1205-06 (2d Cir. 1970). Furthermore, the district court properly denied the motion to strike certain portions of the indictment for improper venue. This issue was decided in Williams' co-defendant's appeal. *See United States v. Janes*, 2003 WL 21267842 (4th Cir. June 3, 2003) (No. 02-4866) (unpublished). In addition, there was no error in the determination of the offense level. *United States v. Miller*, 316 F.3d 495, 502 (4th Cir. 2003).

We have reviewed the issues raised in Williams' pro se supplemental brief and find them without merit. There was sufficient evidence to support the convictions. The sentencing enhancements for obstruction of justice and being an organizer or supervisor were proper. In addition, the criminal history category was properly determined. Williams' claim of ineffective assistance of counsel is not cognizable on direct review. *United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997); *United States v. Hoyle*, 33 F.3d 415, 418 (4th Cir. 1994).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Williams' convictions and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. Thus, we deny counsel's motion to withdraw and Williams' motion to appoint appellate counsel. If Williams requests that a petition for certiorari be filed, but counsel believes that such a petition would be frivolous, then counsel may renew his motion. Counsel's motion must state that a copy thereof was served on Williams. We also deny Williams' motion for general relief seeking review of this court's decision in his co-defendants' appeal. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*